UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT PHILLIP BAKER,
Plaintiff,

v. Civil Action No. 10-11333-NMG

EMMAUS, INC. and EMMAUS HOLDINGS, INC.,
Defendants.

**MEMORANDUM & ORDER**

Gorton, D.J.

On August 5, 2010, Plaintiff Robert Phillip Baker ("Baker"), a frequent filer in this Court, filed a Petition for Removal to this Court of a Massachusetts Housing Court case in which the alleged Defendants (Plaintiffs in the state action) seek to evict Baker from a public shelter. Baker seeks emergency injunctive relief and monetary damages for alleged violations of his civil rights and federal housing regulations. Baker alleges, inter alia, fraud, deceptive consumer practices, harassment, threats, retaliation, fear of homelessness and cruel and abusive treatment. He claims the Housing Court refused to issue subpoenas or summonses for him and cannot adequately adjudicate the matter. He seeks to remain (or to be returned) as a resident at the Safehaven shelter in Haverhill, Massachusetts. Accompanying the Petition for Removal are a motion for leave to proceed in forma pauperis and an emergency motion for writ of mandamus.

DISCUSSION

I. The Motion for Leave to Proceed In Forma Pauperis

Upon review of Baker's financial disclosures, the Court finds he lacks funds to pay the $350 filing fee. Accordingly, his motion for leave to proceed in forma pauperis, i.e., for leave to remove this action without prepayment of the removal fee, will be allowed.

## II. The Emergency Motion for Writ of Mandamus

Baker's Notice/Petition for Removal and his Emergency Motion for Writ of Mandamus are incoherent and disorganized. To the extent that he seeks monetary damages and/or injunctive relief preventing his eviction or any other relief that is the subject of the state Housing Court proceedings, this Court construes Baker's request as a motion for a preliminary injunction and/or a temporary restraining order. In either case, Baker is not entitled to injunctive relief.

To obtain preliminary injunctive relief (or a temporary restraining order) under Fed. R. Civ. P. 65, a movant must demonstrate 1) a substantial likelihood of success on the merits, 2) a significant risk of irreparable harm if the injunction is withheld, 3) a favorable balance of hardships, and 4) a fit (or lack of friction) between the injunction and the public interest. Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003). Likelihood of success on the merits is the critical factor in the analysis. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (citations omitted). See also Levesque v. Maine, 587 F.2d 78, 80 (1st Cir. 1976).

Setting aside various other defects in Baker's request for ex parte emergency relief, he has not demonstrated a likelihood of success on the merits or, concomitantly, that this Court has jurisdiction, by virtue of removal or otherwise, over his state case. First, it is unclear whether Baker is a plaintiff or a defendant in the state Housing Court case. From the attachments to his petition, however, he appears to be the plaintiff and, as such, may not remove his own case to federal court. See 28 U.S.C. § 1441(a); Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 5 (1st Cir. 1999).

Moreover, even if Baker is the defendant in the state Housing Court case, he is barred from removing that action. He cannot do so pursuant to 28 U.S.C. § 1441 based upon his own

defenses or counterclaims and there is no indication that the defendants here asserted any federal claim against Baker in state court. E.g., In re Whatley, 396 F. Supp. 2d 50, 54 (D. Mass. 2005); Children's Hospital Corp. v. Kindercare Learning Centers, Inc., 360 F. Supp. 2d 202 (D. Mass. 2005) . Nor has Baker adequately asserted removal jurisdiction under 28 U.S.C. § 1443 because he fails to set forth any facts from which this Court could reasonably infer 1) a racial inequality claim, 2) that he cannot enforce any specified federal right in state court or 3) that a federal official charged with executing federal law or with responsibility for the protection of civil rights is a party to this action.

Finally, Baker's suit in the Massachusetts Housing Court is ongoing and much of his Notice of Removal appears to seek relief identical to that sought in state court (namely, the right to remain in the Safehaven public shelter). He has provided no authority for this Court to interfere with or supplant that action and this Court declines to do so. His emergency motion will, therefore, be denied.

III. Order for Remand

Pursuant to 28 U.S.C. § 1447(c), this Court may examine a Notice of Removal to determine if removal is proper. If it appears that this Court lacks subject-matter jurisdiction, the Court must issue an order for summary remand. Adorno Enters., Inc. v. Federated Dep't. Stores, Inc., 629 F. Supp. 1565, 1567 (D. R.I. 1986). Baker, as the party seeking to remove a case to federal court, has the burden of demonstrating the existence of federal jurisdiction. See BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir.1997); Whatley, 396 F. Supp. 2d at 53. The removal statute must be strictly construed and any doubts about the propriety of removal should be resolved against removal. Whatley, 396 F. Supp. 2d at 53. For the reasons set forth above,

this action will be remanded to the Massachusetts Northeast Housing Court.

**ORDER**

In accordance with the foregoing,

1) Plaintiff's Motion for Leave to Proceed in forma pauperis (Docket No. 3) is **ALLOWED**;

2) Plaintiff's Emergency Motion for a Writ of Mandamus (Docket No. 2) is **DENIED**; and

3) This action is **REMANDED** to the Massachusetts Northeast Housing Court in connection with the case Baker v. Emmaus, Inc., et al., Civil Action 10H77CV000180.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 9, 2010